Yvonne **GIL DE REBOLLO**, Plaintiff,

v.

**MIAMI HEAT LIMITED PARTNER-SHIP;** Florida Basketball Associates, Inc., and Wes Lockard, a/k/a "Burnie", Defendants.

Civil No. 95–2261 (JAF).

United States District Court,
D. Puerto Rico.

Dec. 12, 1996.

David Efron, Law Offices David Efron, San Juan, PR, for Plaintiff.

Ricardo F. Casellas, Rodriguez & Casellas, San Juan, PR, for Defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Yvonne Gil de Rebollo, sued for damages stemming from an incident in which she was taken from her seat at a basketball game by the mascot of the Miami Heat, "Burnie", a character performed by codefendant Wes Lockard.

On November 12, 1996, the jury's first verdict erred in finding Mr. Lockard's employer liable without finding him liable. On that form, the damages awarded were $100,-000. Because of the legal impossibility of finding an employer liable for the acts of an unaccountable employee, we returned the jury to deliberate again, instructing them to reexamine their charge. *See Docket Document No. 69, Instruction No. 19.* After some consideration, the jury sent a note to the court requesting advice on the determination of damages. The court's note referred them again to the damages instructions.

On the second verdict form, returned over an hour after the first, the same jury found both defendants liable, but only for a total of $10,000. Ms. Gil de Rebollo now moves for a new trial based on several grounds, most notably, that the jury was biased toward one of the defendants. Defendants argue that this case does not meet the high standard for ordering a new trial, and that the verdict reflected the appropriately minimal damages.

## I.

### Legal Standards

The standard for ordering a new trial is fairly straightforward, leaving the trial court a great deal of discretion. "The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980).

Equally evident is that the abusive exercise of this discretion will lead to reversal. "Denial of a motion for a new trial will be reversed only for abuse of discretion." *Conway v. Electro Switch Corp.*, 825 F.2d 593, 598 (1st Cir.1987). This discretion obviously must reflect the paramount goal of avoiding the miscarriage of justice. A trial judge can only set aside a jury's verdict if he believes that the clear weight of the evidence is such that upholding the verdict will result in a miscarriage of justice. *Id.* at 598–99 (citations omitted). Jury awards based on passion, prejudice or compromise require the ordering of a new trial. *De Léon López v. Corporación Insular de Seguros*, 931 F.2d 116, 125 (1st Cir.1991); *Phav v. Trueblood*, 915 F.2d 764, 767–68 (1st Cir.1990). Passion and prejudice are not appropriate bases for a jury's verdict. Compromise verdicts are those in which jurors resolve their inability to make a determination with any certainty or unanimity on liability by awarding inadequate damages. *Phav v. Trueblood*, 915 F.2d 764, 768 (1st Cir.1990), *citing to Mekdeci v. Merrell Nat'l Laboratories*, 711 F.2d 1510, 1513 (11th Cir.1983). An inadequate damages award cannot alone signify a compromise verdict. Other evidence must demonstrate that the inadequate monetary award resulted from a compromise. *Mekdeci*, 711 F.2d at 1513 (cited with approval in *Phav*, 915 F.2d at 768); *Hadra v. Herman Blum Consulting Eng'rs*, 632 F.2d 1242, 1246 (5th Cir.1980), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981). Other signs of a compromise verdict are a close question of liability and an odd chronology of jury deliberations. *Phav*, 915 F.2d at 768.

## II.

### *Analysis*

■ A court's decision regarding a motion for a new trial requires that it infer the jury's intentions from its actions, a necessarily speculative endeavor. *See National R.R. Passenger Corp. v. Koch Indus., Inc.*, 701 F.2d 108, 110 (10th Cir.1983). We conceive of three plausible interpretations of the jury's behavior here.

First, the jury may have rationally reconsidered its decision when it was sent back to deliberate with a new verdict form. We find this to be the least likely scenario. The fact that the jury arrived at a level of damages suffered by Ms. Gil de Rebollo and presented it as a final verdict, and then rationally recalculated the damages to be ten times lower than the initial determination seems unlikely to have been a reasoned change. Certainly during deliberations a jury may swing wildly from one number to another, but the presentation of the first verdict form entailed the gravity of this jury's final decision on the issue of damages. This possibility also appears unlikely because such a swing in damages could only be deliberate if made over the course of a greater length of time than that used by the jury on its second attempt to return a valid verdict.

The second and third interpretations carry a far higher probability. The second is that the jury may have thought Mr. Lockard unaccountable for his interaction with Ms. Gil de Rebollo, but when confronted with the requirements of *respondeat superior*, they compromised and found him liable, but relieved him of any great monetary burden by reducing the award tenfold. Under this interpretation, the jury's verdict was a compromise verdict, in which they adjusted damages because they had conflicting feelings about liability. Such an interpretation would be supported by the fact that the jury had to deliberate twice and that it expressed uncertainty regarding the awarding of damages.

The third interpretation varies from the second in the motivation imputed to the jury. The jury may have been moved to protect Mr. Lockard from having to pay $100,000, despite their earlier assessment that Ms. Gil de Rebollo had been damaged in that amount. Whether or not they were aware of the legal concept of joint and several liability allowing for the collection of the $100,000 from Miami Heat, the jury clearly wanted to avoid assessing damages of significance against Mr. Lockard. When returned to the jury room, the jury may have realized the requirement to find both defendants liable under *respondeat superior* principles and section 1803 of the Civil Code, 31 L.P.R.A. § 5142, but then reduced the damages to make up for the fact that the witness with

whom they sympathized could be required to pay the judgment or part of it. Such benevolence would adequately explain the tenfold drop in damages from one hour to the next out of sympathy to Mr. Lockard.

### III.

#### *Conclusion*

Because this verdict appears to have been reached either through compromise or bias, we accordingly **grant** the motion for a new trial on all issues.

**Trial shall be held on February 10, 1997, at 9:30 A.M.**

**IT IS SO ORDERED.**